Workers' Compensation Rule 701(6) holds that "No new evidence will be presented to, or heard by the Full Commission." While the Full Commission certainly has the discretion and authority to waive its own rules and take action appropriate for particular situations, the request by plaintiff here is most unusual. It cannot be determined whether the testimony plaintiff seeks to elicit will constitute new evidence. In any case, it is clear that Dr. H. D. Peterson was deposed prior to the filing of the deputy's Opinion and Award and was at that time able to present his expert medical opinion. For these reasons, and in light of the danger of setting a precedent that may in the future unnecessarily burden the Full Commission, the Full Commission has determined that no good grounds exist for granting plaintiff's request. Plaintiff's motion is accordingly HEREBY DENIED.
However, IT IS FURTHER HEREBY ORDERED the plaintiff shall have sixty (60) days from the filing of this order within which to take a supplemental deposition of Dr. Peterson, if plaintiff so desires. Said supplemental deposition, if taken, is at the election of plaintiff and shall be at plaintiff's expense.
IT IS FURTHER HEREBY ORDERED that the above-captioned appeal shall remain on the December 14, 1994 Full Commission hearing docket. At that time, plaintiff's counsel shall notify the undersigned concerning the status of the supplemental deposition allowed herein.
This the _____________ day of _______________________, 1994.
FOR THE FULL COMMISSION
 S/ ____________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ _____________ THOMAS J. BOLCH COMMISSIONER
S/ _______________ COY M. VANCE COMMISSIONER
JJB:alp 12/1/94